FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WELLS FARGO INSURANCE SERVICES USA INC., a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA R. TYNDELL, WILLIAM G. DINNEEN, H. KEITH McNALLY, THOMAS F. BLUE, ERIN L. REPP, and BK-JET GROUP, LLC, a Washington LLC,<br><br>Defendants. | No. 2:16-CV-00089-SMJ<br><br>STIPULATED PROTECTIVE ORDER |

1.    **PURPOSES AND LIMITATIONS**

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter this Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protection on all disclosures or responses

STIPULATED PROTECTIVE ORDER - 1
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.  Neither the fact of that this Order is entered, nor the designation of any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be offered into evidence as proof that any information is in fact confidential or subject to protection as a trade secret.

2. **"CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL**

"Confidential Material" and "Highly Confidential – Attorneys' Eyes Only Material" shall include documents, information, testimony and tangible things produced or otherwise exchanged during discovery in this action that reveal a trade secret, or other confidential proprietary, personal or financial information that is commercially sensitive, including third party financial or insurance information, or information that is otherwise entitled to protective treatment under Fed. R. Civ. P. 26(c)

3. **SCOPE**

As used herein, "Protected Material" includes all Confidential Material and Highly Confidential – Attorneys' Eyes Only Material.  The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Materials; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain

STIPULATED PROTECTIVE ORDER - 2
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

1  or becomes part of the public domain through trial or otherwise.

2  **4.**     <u>**ACCESS TO AND USE OF DESIGNATED MATERIAL**</u>

3      4.1    <u>Basic Principles.</u> A receiving party may use Protected Material that is

4  disclosed or produced by another party or by a non-party in connection with this

5  case only for prosecuting, defending, or attempting to settle this litigation.

6  Protected Material may be disclosed only to the categories of persons and under

7  the conditions described in this Stipulated Protective Order.  Protected Material

8  must be stored and maintained by a receiving party at a location and in a secure

9  manner that ensures that access is limited to the persons authorized under this

10  Stipulated Protective Order.

11      4.2    <u>Disclosure of "CONFIDENTIAL" Material.</u>

12      Unless otherwise ordered by the court or permitted in writing by the

13  designating party, a receiving party may disclose any Confidential Material

14  only to:

15          (a)    the receiving party's counsel of record in this action, as well as

16  employees of counsel to whom it is reasonably necessary to disclose the

17  information for this litigation;

18          (b)    the officers, directors, and employees (including in house

19  counsel) of the receiving party to whom disclosure is reasonably necessary for

20  this litigation;

21          (c)    experts and consultants to whom disclosure is reasonably

22  necessary for this litigation and who have signed the "Acknowledgment and

23  Agreement to Be Bound" (Exhibit A);

24          (d)    the court, court personnel, and court reporters and their staff;

25          (e)    copy or imaging services retained by counsel to assist in the

26

STIPULATED PROTECTIVE ORDER - 3
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f)    during their depositions, witnesses in the action for whom counsel has a good-faith basis to believe disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material.

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential – Attorneys' Eyes Only Material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided that if Defendants choose an

STIPULATED PROTECTIVE ORDER - 4
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON  99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

expert or consultant employed by one of Plaintiff Wells Fargo Insurance's competitors (i) Defendants shall notify Wells Fargo Insurance before disclosing any Highly Confidential – Attorneys' Eyes Only Material to that individual so that the parties can meet and confer regarding the selection and (ii) if the meet and confer process is not successful, will not disclose any Highly Confidential – Attorneys' Eyes Only Material to that individual until Wells Fargo Insurance  has had an opportunity to move for a protective order preventing or limiting such disclosure and the Court has ruled on Wells Fargo Insurance's  motion;

(c)     the court, court personnel, and court reporters and their staff;

(d)     copy or imaging services retained by counsel to assist in the duplication of Highly Confidential – Attorneys' Eyes Only Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Highly Confidential – Attorneys' Eyes Only Material to third parties and to immediately return all originals and copies of any Highly Confidential – Attorneys' Eyes Only Material;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"; and

(f)     the author of the document or the original source of the information.

4.4     Filing Protected Material.

Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the applicable confidentiality designation, whether the document can be redacted, or whether a

STIPULATED PROTECTIVE ORDER - 5
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON  99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

motion to seal or stipulation and proposed order is warranted. In the event a document is filed under seal because it contains or references Protected Material, a redacted version of such document, with all Protected Material redacted, shall be filed in the ordinary course in the electronic filing system.  Counsel for the receiving party agrees to share with counsel for the designating party both versions of a document to be filed under seal and in redacted format prior to filing to ensure all Protected Material is appropriately redacted.

### 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order, or as

STIPULATED PROTECTIVE ORDER - 6
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON  99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

1    otherwise agreed by the parties or ordered, discovery material that qualifies for

2    protection under this Stipulated Protective Order must be clearly so designated

3    before or when the material is disclosed or produced.

4        (a)    Information in documentary form: (*e.g.*, paper or electronic

5    documents and deposition exhibits, but excluding transcripts of depositions or

6    other pretrial or trial proceedings), the designating party must affix the word

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8    ONLY" to each page that contains Confidential or Highly Confidential –

9    Attorneys' Eyes Only Material.

10       (b)    Testimony given in deposition or in other pretrial or trial

11   proceedings: the parties must identify on the record, during the deposition, hearing,

12   or other proceeding, all protected testimony, without prejudice to their right to so

13   designate other testimony after reviewing the transcript. Any party or non-party

14   may, within thirty days after receiving a deposition transcript, designate portions of

15   the transcript, or exhibits thereto, as CONFIDENTIAL or HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY.  All parties agree to treat such

17   testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY during such thirty-day period.

19       (c)    Other tangible items: the producing party must affix in a

20   prominent place on the exterior of the container or containers in which the

21   information or item is stored the word "CONFIDENTIAL" Or "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion of the

23   information or item warrants protection, the producing party, to the extent

24   practicable, shall identify the protected portion(s).

25       5.3    Inadvertent Failures to Designate. If timely corrected after discovery

26

STIPULATED PROTECTIVE ORDER - 7
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600   FAX (509) 777-1616

51529473.4

that undesignated or under-designated Protected Material has been produced, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain

STIPULATED PROTECTIVE ORDER - 8
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

confidentiality. The burden of persuasion in any such motion shall be on the designating party.  All parties shall continue to maintain the material in question as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the court rules on the challenge.

**7.**    **DESIGNATED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

**8.**    **RESPONSIBILITY FOR COMPLIANCE AND UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

The receiving party's counsel who discloses Protected Material shall be responsible for assuring compliance with the terms of this Stipulated Protective Order with respect to persons to whom such Protected Material is disclosed, and shall obtain and retain the original Acknowledgements executed by qualified recipients of Protected Material (if such execution was required by the terms of this Order).  If a designating party notifies a receiving party, or a receiving party learns that, by inadvertence or otherwise, the receiving party has disclosed  Protected

STIPULATED PROTECTIVE ORDER - 9
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON  99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Federal Rule of Evidence 502.

**10.    NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must certify in writing that it has returned all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing

STIPULATED PROTECTIVE ORDER - 10
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this ___ of July, 2016

Respectfully submitted,

_____
John Ray Nelson, WSBA No. 16393
FOSTER PEPPER PLLC
*Attorneys for Plaintiff*

_____
James B. King, WSBA No. 8723
Evans Craven & Lackie, P.S.
*Attorneys for Defendants*

STIPULATED PROTECTIVE ORDER - 11
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

1

2

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

DATED this 2nd of August, 2016.

4

5

_____

6

The Hon. Salvador Mendoza Jr.
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 12
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

**FOSTER PEPPER PLLC**
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT
# REGARDING CONFIDENTIAL MATERIAL

STIPULATED PROTECTIVE ORDER - 13
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

FOSTER PEPPER PLLC
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON  99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT REGARDING CONFIDENTIAL MATERIAL**

I,        [print or type full name], of

_____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of *Wells Fargo Insurance Services USA Inc., Joshua R. Tyndell, et al.,* Civ. No. 2:16-cv-00089-SMJ (E.D. Wash.). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 14
USDC EDWA CASE NO. 2:16-CV-00089-SMJ

51529473.4

**FOSTER PEPPER PLLC**
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600  FAX (509) 777-1616